**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| ALONSO SANDOVAL, DALEPH LOZA HURZUA, LUIS MACEDO, VICTOR MACEDO, JOSE MATA, MARIA DEL ROCIO MEDEL-ALBERTO, and YECENIA ARTEAGA PARRAS, §§§§§§§§§§§§§§§§ *Plaintiffs*, v. EL MESON, INC., EL PALAX INC. D/B/A LA REYNA, ATTICUS MACIAS, YVES MACIAS, and MARISELA MACIAS, *Defendants*. | Case No.: 1:14-cv-369 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

### I. INTRODUCTION

1.1     This is an action for unpaid wages and damages brought by eight employees who worked as dishwashers, cooks, kitchen helpers, and servers at the El Meson and La Reyna restaurants in Austin, Texas.

1.2     Plaintiffs Alonso Sandoval, Daleph Loza Hurzua, Luis Macedo, Victor Macedo, Jose Mata, Maria del Rocio Medel-Alberto, and Yecenia Arteaga Parras bring this action against Defendants El Meson, Inc., El Palax, Inc. d/b/a La Reyna, Atticus Macias, Yves Macias, and Marisela Macias.

1.3     The Plaintiff-employees contend that the Defendants did not pay them all the wages they earned – and in some instances paid no wages at all. The Defendants' actions

1

violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) and Texas Minimum Wage Act (TMWA), Tex. Lab. Code Ch. 62.001 *et seq.*, by failing to pay these employees the required federal minimum wage and overtime compensation and state minimum wage. The Plaintiff-employees additionally claim that Defendants materially breached their employment contracts. Plaintiffs seek monetary damages for their minimum wage, overtime, and breach of contract claims.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the subject matter of this action pursuant to:

    a.     28 U.S.C. §1331, which confers jurisdiction over claims arising under the laws of the United States;

    b.     28 U.S.C. §1337, which confers jurisdiction over claims arising under acts of Congress regulating interstate commerce;

    c.     29 U.S.C. §216(b), which confers jurisdiction over claims arising under the FLSA; and

    d.     28 U.S.C. §1367, which confers supplemental jurisdiction over state law claims when the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.2     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

3.1     Plaintiff Alonso Sandoval is an individual residing in Travis County, Texas.

3.2     Plaintiff Daleph Loza Hurzua is an individual residing in Travis County, Texas.

3.3     Plaintiff Luis Macedo is an individual residing in Travis County, Texas.

3.4     Plaintiff Victor Macedo is an individual residing in Travis County, Texas.

3.5     Plaintiff Jose Mata is an individual residing in Travis County, Texas.

3.6     Plaintiff Maria del Rocio Medel-Alberto is an individual residing in Travis County, Texas.

3.7     Plaintiff Yecenia Arteaga Parras is an individual residing in Travis County, Texas.

3.8     Plaintiffs have consented to the filing of this action, as required by the FLSA, 29 U.S.C. § 216(b) and the TMWA, Tex. Lab. Code §62.203, and have verified the facts set forth herein, as required by the TMWA, Tex. Lab. Code § 62.204(2), as indicated by the written consent and verification of each Plaintiff, attached hereto as Exhibits 1 and 2, respectively, and incorporated by reference.

3.9     Defendant El Meson, Inc. is a Texas corporation doing business in Travis County, Texas. Defendant may be served through its registered agent for service of process, Atticus Macias, 2008 Rundell Place, Austin, Texas 78704.

3.10    Defendant El Palax, Inc. d/b/a/ La Reyna is a Texas corporation doing business in Travis County, Texas. Defendant may be served through its registered agent for service of process, Atticus Macias, 2008 Rundell Place, Austin, Texas 78704.

3.11    Defendant Atticus Macias is an individual residing in Travis County, Texas. He may be served with process at his last known place of business at 2008 Rundell Place, Austin, Texas 78704.

3.12    Defendant Yves Macias is an individual residing in Travis County, Texas. He may be served with process at his last known place of residence at 1603 Roberts Avenue, Austin, Texas 78704.

3.13    Defendant Marisela Macias is an individual residing in Travis County, Texas. She may be served with process at her last known place of residence at 1603 Roberts Avenue, Austin, Texas 78704.

3.14    At all times relevant to this lawsuit, the Defendants were employers of the Plaintiffs within the meaning of the Fair Labor Standards Act and the Texas Minimum Wage Act, and Defendants were subject to the requirements of those Acts.

## IV. STATEMENT OF FACTS

### General Allegations

4.1    Plaintiffs worked for Defendants in 2012 as employees engaged in restaurant work at Defendants' restaurants El Meson, located at 2038 South Lamar Boulevard, Austin, Texas 78704, and/or La Reyna, formerly located at 1816 South 1st Street, Austin, Texas 78704, while it was still in operation. All of Plaintiffs' job duties were performed in Travis County, Texas.

4.2    El Meson restaurant is operated by Defendant El Meson, Inc. On information and belief, Atticus Macias and Yves Macias have an ownership interest in and are corporate directors of El Meson, Inc.

4.3    La Reyna restaurant, until its closing in August of 2012, was operated by Defendant El Palax, Inc. d/b/a La Reyna. On information and belief, Atticus Macias and Yves Macias have an ownership interest in and are corporate directors of El Palax, Inc. d/b/a/ La Reyna.

4.4    On information and belief, Defendants Yves Macias, Atticus Macias, and Marisela Macias were involved in the day-to-day operations of El Meson, Inc. and El Palax, Inc.

d/b/a La Reyna when Plaintiffs worked for Defendants and continue to be so involved in the daily operations of El Meson, Inc.

4.5    On information and belief, Defendants Yves Macias, Atticus Macias, and Marisela Macias have personal involvement in the financial affairs and financial well-being of El Meson, Inc. and El Palax, Inc. d/b/a/ La Reyna and had such personal involvement when Plaintiffs worked for Defendants.

4.6    On information and belief, Defendants Yves Macias, Atticus Macias, and Marisela Macias have direct involvement in hiring, firing or setting terms and conditions of pay for employees of El Meson, Inc. and had such involvement for employees of both El Meson, Inc. and El Palax, Inc. d/b/a/ La Reyna when Plaintiffs worked for Defendants.

4.7    On information and belief, Defendants Yves Macias, Atticus Macias, and Marisela Macias supervised Plaintiffs' work, gave instructions about job duties, and asserted control over the Plaintiffs' work schedules, wages, and wage and hour recordkeeping.

4.8    As employees of the Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

4.9    Defendants promised Plaintiffs that they would be paid by the hour for their work.

4.10   Defendants hired Plaintiffs agreeing to provide compensation and with full knowledge that Plaintiffs expected compensation for their services.

4.11   Plaintiffs provided services to the Defendants by performing their work duties.

4.12   During Plaintiffs' employment, Defendants did not pay Plaintiffs at all for some of their hours of work.

4.13   During their employment, Plaintiffs were not paid the federally and state-

mandated minimum wage for each hour they worked for Defendants.

4.14     In many work weeks, Plaintiffs Maria del Rocio Medel-Alberto, Yecenia Arteaga Parras, Jose Mata, Victor Macedo, and Luis Macedo worked in excess of forty hours and were not paid one and a half times their regular hourly rate.

4.15     Defendants failed to maintain complete and accurate records of Plaintiffs' hours of work and compensation as required of the Defendants under the FLSA and TMWA.

4.16     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all minimum wage and overtime compensation due to Plaintiffs.

4.17     All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly or through their agents and in the interest of the other Defendant employers.

4.18     All conditions precedent have been performed or have occurred.

### Plaintiff Alonso Sandoval

4.19     On or about August 2012, Plaintiff Alonso Sandoval ("Plaintiff Sandoval") was employed by Defendants as a general kitchen worker at El Meson restaurant.

4.20     When Defendants hired Plaintiff Sandoval, they agreed to pay him $8.75 per hour on the regular payday.

4.21     Plaintiff Sandoval performed the general kitchen work assigned to him, but Defendants failed to pay Plaintiff Sandoval on his payday for any of his work during his employment at El Meson.

4.22     For nearly a year Plaintiff Sandoval had to fight the Defendants through a complaint before the Texas Workforce Commission (TWC) followed by TWC collections

proceedings to recover the unpaid wages he was owed for his work.

4.23   During Plaintiff Sandoval's enforcement efforts through the TWC, Defendants continued to refuse to pay him his earned wages, provided false information to the TWC about his pay rate, and refused to pay him even after ordered to do so by the TWC.

4.24   Plaintiff Sandoval did not receive his unpaid wages until approximately one year after Defendants first failed to pay him his wages, and only then when the TWC tracked down a bank account owned by the Defendants and seized the owed wages involuntarily from that Defendants' bank account.

4.25   As a consequence of the Defendants' aggravated, bad faith failure to pay Plaintiff Sandoval in the timely manner required under the Fair Labor Standards Act and the Texas Minimum Wage Act, Sandoval is entitled to receive liquidated damages in an amount equal to his unpaid wages.

### Plaintiff Daleph Loza Hurzua

4.26   On or about August 2012, Plaintiff Daleph Loza Hurzua ("Plaintiff Hurzua") was employed as a general kitchen worker at El Meson restaurant.

4.27   When Defendants hired Plaintiff Hurzua, they agreed to pay him $8.75 per hour on the regular payday.

4.28   Plaintiff Hurzua performed the work general kitchen work assigned to him, but Defendants failed to pay Plaintiff Hurzua on his payday for any of his work during his employment at El Meson.

4.29   For nearly a year Plaintiff Hurzua had to fight the Defendants through a complaint before the Texas Workforce Commission (TWC) followed by TWC collections proceedings to recover the unpaid wages he was owed for his work.

4.30 During Plaintiff Hurzua's enforcement efforts through the TWC, Defendants continued to refuse to pay him his earned wages, provided false information to the TWC about his pay rate, and refused to pay him even after ordered to do so by the TWC.

4.31 Plaintiff Hurzua did not receive his unpaid wages until approximately one year after Defendants first failed to pay him his wages, and only then when the TWC tracked down a bank account owned by the Defendants and seized the owed wages from Defendants' bank account.

4.32 As a consequence of the Defendants' aggravated, bad faith failure to pay Plaintiff Hurzua in the timely manner required under the Fair Labor Standards Act and the Texas Minimum Wage Act, Hurzua is entitled to receive liquidated damages in an amount equal to his unpaid wages.

### Plaintiff Luis Macedo

4.33 On or about July and August of 2012, Plaintiff Luis Macedo was employed by Defendants as a cook and dishwasher at La Reyna restaurant.

4.34 When Defendants hired Plaintiff Luis Macedo, they agreed to pay him $7.25 per hour.

4.35 Plaintiff Luis Macedo performed the cooking and dishwashing work assigned to him by the Defendants, regularly working more than forty hours per week for Defendants.

4.36 Defendants paid Plaintiff Luis Macedo only approximately $42 total for his several weeks of work, an amount that failed to properly compensate him for all of his regular and overtime hours worked.

4.37 Despite Plaintiff Luis Macedo's persistent attempts to get Defendants to pay his earned wages, Defendants have not, as of the time this action was filed, paid Plaintiff Luis

Macedo any of the contract wages, minimum wages, or overtime wages owed him beyond the single payment of $42.

### Plaintiff Victor Macedo

4.38   From approximately mid-July of 2012 until approximately mid-August of 2012, Plaintiff Victor Macedo was employed as a general kitchen worker and dishwasher at La Reyna.

4.39   When Defendants hired Plaintiff Victor Macedo, they agreed to pay him $7.25 per hour.

4.40   Plaintiff Victor Macedo performed the general kitchen work and dishwashing work assigned to him by the Defendants regularly working more than forty hours per week for Defendants.

4.41   Defendants never paid Plaintiff Victor Macedo for any of his work at La Reyna.

4.42   Despite Plaintiff Victor Macedo's persistent attempts to get Defendants to pay his earned wages, Defendants have not, as of the time this action was filed, paid Plaintiff Victor Macedo any of the contract wages, minimum wages, or overtime wages owed him.

### Plaintiff Jose Mata

4.43   From approximately July 2012 until approximately mid-August 2012, Plaintiff Jose Mata ("Plaintiff Mata") was employed as a server at La Reyna restaurant.

4.44   When Defendants hired Plaintiff Mata, they agreed to pay him $2.13 per hour plus any amount needed to reach the minimum wage, should his hourly rate and received tips not add up to the minimum wage.

4.45   Plaintiff Mata performed the serving work assigned to him by the Defendants, regularly working more than forty hours per week for Defendants.

4.46   Defendants paid Plaintiff Mata for only his first two weeks of work. For most of

9

the weeks of his employment, Defendants failed to properly pay Plaintiff Mata the promised wage of $2.13 per hour and failed to pay the required minimum wage and overtime pay.

4.47   Despite Plaintiff Mata's persistent attempts to get Defendants to pay him his earned wages, Defendants have not, as of the time this action was filed, paid Plaintiff Mata any of the contract wages, minimum wages, or overtime wages owed him beyond the payment he received for his first two weeks of work.

### Plaintiff Maria del Rocio Medel-Alberto

4.48   Between approximately late May and approximately mid-August of 2012, Plaintiff Maria del Rocio Medel-Alberto ("Plaintiff Medel-Alberto") was employed by Defendants as a cook, server, and dishwasher at both El Meson and La Reyna restaurants. She normally worked a regular shift each workday at La Reyna plus a regular shift at El Meson.

4.49   When Defendants hired Plaintiff Medel-Alberto, they agreed to pay her $400 per week for her work at La Reyna and $9 per hour for her work at El Meson.

4.50   Plaintiff Medel-Alberto performed the cooking, dishwashing, and serving work assigned to her by the Defendants, regularly working more than forty hours per week for Defendants.

4.51   Defendants failed to pay Plaintiff Medel-Alberto all of the contract wages, minimum wages, and overtime wages she earned.

### Plaintiff Yecenia Arteaga Parras

4.52   Between approximately mid-June and late July of 2012, Plaintiff Yecenia Arteaga Parras ("Plaintiff Arteaga Parras") was employed by Defendants as a cook, dishwasher and kitchen worker at El Meson restaurant.

4.53   When Defendants hired Plaintiff Arteaga Parras, they agreed to pay her $8.50 per

10

hour for her work.

4.54    Plaintiff Arteaga Parras accepted Defendants' offer to pay her $8.50 per hour for her work, and began working for Defendants.

4.55    Plaintiff Arteaga Parras performed the cooking, dish-washing, and general kitchen work assigned to her by Defendants, regularly working more than forty hours per work.

4.56    Defendants failed to pay Plaintiff Arteaga Parras all of the contract wages, minimum wages, and overtime wages she earned.

## V. FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT: MINIMUM WAGE – BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

5.1    Plaintiffs reincorporate and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

5.2    At all times relevant to this action, and as a matter of economic reality, the Defendants employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (g).

5.3    Defendants failed to pay Plaintiffs, in the required timely manner, a wage equal to the minimum wage for hours of work performed by Plaintiffs for Defendants in violation of 29 U.S.C. § 206.

5.4    Defendants' failure to pay the Plaintiffs as specified above was willful.

5.5    For these violations, Plaintiffs are entitled to recover the difference between the hourly wage actually received by them and the minimum wage, plus an equal amount in liquidated damages, plus attorneys' fees and costs as provided by 29 U.S.C. § 216(b).

## VI. SECOND CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT: OVERTIME – BY PLAINTIFFS MEDEL-ALBERTO, ARTEAGA PARRAS, MATA, Victor MACEDO, AND Luis MACEDO AGAINST ALL DEFENDANTS

6.1     Plaintiffs Maria del Rocio Medel-Alberto, Yecenia Arteaga Parras, Jose Mata, Victor Macedo, and Luis Macedo ("Overtime Plaintiffs") reincorporate and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

6.2     At all times relevant to this action, and as a matter of economic reality, the Defendants employed the Overtime Plaintiffs within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (g).

6.3     The Defendants failed to pay Overtime Plaintiffs one-and-a-half times their regular hourly rate for the hours that Overtime Plaintiffs worked in excess of forty hours in each discrete workweek, in violation of 29 U.S.C. § 207.

6.4     Defendants' failure to pay the Overtime Plaintiffs as specified above was willful.

6.5     For these violations, the Overtime Plaintiffs are entitled to recover their unpaid overtime wages, an equal amount in liquidated damages, attorneys' fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

## VII. THIRD CAUSE OF ACTION

## TEXAS MINIMUM WAGE ACT: MINIMUM WAGE – BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

7.1     At all times relevant to this action, and as a matter of economic reality, the Defendants employed the Plaintiffs within the meaning of the TMWA, TEX. LAB. CODE § 62.001 *et seq.*

7.2     Defendants failed to pay Plaintiffs, in the required timely manner, a wage equal to the minimum wage for hours of work performed by Plaintiffs for Defendants in violation of TEX. LAB. CODE § 62.001 *et seq.*

7.3     Defendants' failure to pay the Plaintiffs as specified above was willful.

7.4     For these violations, Plaintiffs are entitled to recover the difference between the hourly wage they actually received and the minimum wage, plus an equal amount in liquidated damages, plus attorneys' fees and costs as provided by TEX. LAB. CODE § 62.201 and § 62.203.

## VIII. FOURTH CAUSE OF ACTION

**BREACH OF CONTRACT – BY PLAINTIFFS Luis MACEDO, Victor MACEDO, MATA, MEDEL-ALBERTO, AND ARTEAGA PARRAS AGAINST ALL DEFENDANTS**

8.1     Plaintiffs Luis Macedo, Victor Macedo, Mata, Medel-Alberto, and Arteaga Parras ("Contract Plaintiffs") reincorporate and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

8.2     The Defendants entered into employment contracts with the Contract Plaintiffs.

8.3     The Contract Plaintiffs performed the work they agreed to perform for the Defendants in such contracts.

8.5     The Defendants breached their employment contracts with the Contract Plaintiffs by failing to properly pay the compensation promised to them for their employment.

8.6     As a direct consequence of the Defendants' breaches of the employment contracts, the Contract Plaintiffs suffered substantial injury.

8.7     The Contract Plaintiffs seek damages for the harm they have suffered as a result of the Defendants' breaches of contract.

## IX. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer, and that, upon final trial, the Plaintiffs be granted a judgment against the Defendants within the jurisdictional limits of this Court for:

(a) the amount of the Plaintiffs' unpaid contract wages, minimum wages, and overtime compensation;

(b) liquidated damages in an amount equal to Plaintiffs' unpaid minimum wages and overtime compensation; and

(c) damages Plaintiffs have suffered as a result of the Defendants' breaches of contract;

(d) pre- and post-judgment interest as provided by law;

(e) costs of court, attorneys' fees and expenses; and

(f) such other and further relief, at law or in equity, to which the Plaintiffs may justly be entitled.

Respectfully submitted,

By: _____/S/_____

William H. Beardall, Jr.
Texas Bar No. 019806000

EQUAL JUSTICE CENTER
TRANSNATIONAL WORKER RIGHTS CLINIC
510 South Congress Ave., Suite 206
Austin, Texas 78704
Email: bbeardall@equaljusticecenter.org
Phone (512) 474-0007, Ext. 101
Fax (512) 474-0008

ATTORNEY FOR PLAINTIFFS ALONSO SANDOVAL, DALEPH LOZA HURZUA,

LUIS MACEDO, VICTOR MACEDO,
JOSE MATA, AND MARIA DEL ROCIO
MEDEL-ALBERTO


By: _____/S/_____

Julie Wimmer
*Pro Hac Vice* Admission Pending
Texas Bar No. 24079589

TEXAS RIOGRANDE LEGAL AID, INC.
4920 N. I-35
Austin, Texas 78751
Phone:  (512) 374-2747
Fax:  (512) 447-3940
Email: jwimmer@trla.org


Sarah E. Donaldson
Texas Bar No. 24065158
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Avenue
San Antonio, Texas 78212
Phone: (210) 212-3704
Fax: (210) 212-3772
E-mail: sdonaldson@trla.org

ATTORNEYS FOR PLAINTIFF
YECENIA ARTEAGA PARRAS